IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ELEANORA L. BOOKER-PROCTOR,

    Plaintiff,

v.                                      Case No. GJH-17-3679

LESLIE JACKSON,
CREATE & LEARN LLC.,
PAUL JACKSON,
ABDOW FAMILY LLC,
SHIPLEY & HORNE, P.A.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Eleanora L. Booker-Proctor, a resident of District Heights, Maryland, filed a Complaint and a Motion to Proceed in Forma Pauperis.[1] In her eight-count Complaint, Plaintiff alleges that Defendants fraudulently induced Plaintiff to enter into a lease agreement with Leslie Downing for the purpose of leasing space within a building, requiring Plaintiff to obtain a peace order for her own protection.[2] ECF No. 1. Booker-Proctor has not provided service copies of the Complaint or the addresses of the Defendants. For reasons provided herein, the Complaint must be dismissed for lack of subject matter jurisdiction.

The Court is mindful of its obligation to liberally construe self-represented pleadings, such as Booker-Proctor's Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell*

---

[1] In her indigency application, Plaintiff lists her name as Eleanora A. Wells Booker. Despite this discrepancy, she will be granted in forma pauperis status for the purpose of initial review. ECF No. 2.

[2] Plaintiff brings her Complaint against a number of defendants, and references "Defendant Leslie." However, Leslie Downing is not named as a Defendant in this action. Moreover, although Booker-Proctor claims to have obtained a peace order against Downing, Maryland's electronic docket reveals that a peace order, valid through January 9, 2018, has been entered against Booker-Proctor. *See* Case No. 0502SP03602017 (Dist. Ct. Prince Geo's. Co.).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a federal court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

The Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). In general, if subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently, a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. *See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court"); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*").

Federal district courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*,

2

377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

Even affording Booker-Proctor's claims the most liberal construction, the Complaint fails to present a federal claim cognizable under § 1331. At best, the Complaint alleges a contract dispute between Booker-Proctor and five non-federal parties.[3] Therefore, the Court only has authority to review such claims if Plaintiff can establish diversity jurisdiction under 28 U.S.C. § 1332.

When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998); *see also Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002) ("[t]he burden of establishing diversity jurisdiction rests with the party seeking to litigate in federal court"). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3

---

[3] Plaintiff sets forth her claims as follows, ECF No. 1 at 1:
   1) violation of Permit & Licensing Division; 2) material misrepresentation; 3) fraud in the inducement; 4) fraud in fact; 5) harassment; 6) deformation [sic] of character; 7) breach of lease; 8) damages

Cranch) 267, 2 L.Ed. 435 (1806)). Booker-Proctor is a resident of Maryland. While she does not provide addresses for any of the Defendants, she certifies that a copy of the Complaint was sent via mail to Defendant Shipley & Horne at an address in Largo, Maryland. ECF No. 1 at 5. In addition, web pages for Shipley & Horne, as well as Defendant Abdow Family LLC, suggest that they are Maryland residents.[4] Because Plaintiff has not established that complete diversity amongst the parties exists, the Court does not have diversity jurisdiction and the case may not proceed.

In the absence of any basis for subject matter jurisdiction, the Court shall dismiss the Complaint without prejudice by separate Order, which follows.

Dated: January 3, 2018

GEORGE J. HAZEL
United States District Judge

---

[4] *See* https://www.dandb.com/businessdirectory/abdowfamilyllc-kensington-md-5951638.html and www.shpa.com.